### In re Petition for DISCIPLINARY ACTION AGAINST Albert Isiaka USUMANU, a Minnesota Attorney, Registration No. 25180X.

No. A09–400.

Supreme Court of Minnesota.

Aug. 26, 2009.

ORDER

By order filed on June 19, 2009, the court suspended respondent Albert Isiaka Usumanu from the practice of law for a period of 30 days. The court's order provides that respondent would be conditionally reinstated following the expiration of the suspension period provided that at least 15 days before the expiration of the suspension period, respondent filed with the Clerk of Appellate Courts an affidavit establishing that respondent is current with continuing legal education require-

ments and fully complied with Rules 24 and 26, Rules on Lawyers Professional Responsibility (RLPR). Upon reinstatement, the order provides that respondent shall be placed on supervised probation for a period of two years. Respondent filed the required affidavit on August 4, 2009.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Albert Isiaka Usumanu is reinstated to the practice of law, conditional upon successful completion of the professional responsibility portion of the state bar examination by June 19, 2010. If respondent has not filed with the Clerk of Appellate Courts and served upon the Director by June 19, 2010, proof that he has successfully completed the professional responsibility portion of the state bar examination, respondent shall be suspended until he provides the required proof.

IT IS FURTHER ORDERED that respondent is placed on probation for a period of two years from the date of filing of this order, subject to the following terms and conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with probation and shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of probation. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

(d) Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month during probation, respondent shall provide the supervisor with an inventory of all active client files. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

(e) Respondent shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips, and bank reports of interest, service charges, and interest payments to the Lawyers Trust Account Board. Such books and records shall be made available to the Director at such intervals as

the Director deems necessary to determine compliance.

BY THE COURT:

/s/Alan C. Page
Associate Justice